PAUL L. REIN, Esq., (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile:  510/832-4787

Attorneys for Plaintiff
ANDI MILLARD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDI MILLARD<br><br>Plaintiff,<br><br>v.<br><br>LAURA-LOU, INC. dba CLARKE'S CHARCOAL BROILER; WASHINGTON MUTUAL BANK, FA; METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1-10, Inclusive,<br><br>Defendants.<br>_____ / | CASE NO. C07-06014 MMC<br><u>Civil Rights</u><br><br>**FIRST AMENDED COMPLAINT FOR DENIAL OF ACCESS RIGHTS TO DISABLED PERSONS IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AND OF CALIFORNIA LAWS GUARANTEEING FULL AND EQUAL ACCESS TO PUBLIC FACILITIES; INJUNCTIVE RELIEF AND DAMAGES PER 42 USC 12101** *et seq.*; **CALIFORNIA CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 AND 55; CALIFORNIA HEALTH AND SAFETY CODE §§ 19955-19959**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff ANDI MILLARD complains of defendants LAURA-LOU, INC. dba CLARKE'S CHARCOAL BROILER; WASHINGTON MUTUAL BANK, FA; METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1-10, Inclusive, and alleges as follows:

1.      **INTRODUCTION:** This case involves the denial of accessible public facilities to a physically disabled wheelchair user, plaintiff Andi Millard, at

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -1-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

1  Clarke's Charcoal Broiler restaurant, 615 El Camino Real, Mountain View,
2  California (hereinafter sometimes "Restaurant"). Plaintiff Andi Millard is a
3  "qualified" physically disabled person, due to hemiplegia, who requires the use of
4  a wheelchair and is unable to use public facilities which are not accessible to
5  disabled members of the public. Plaintiff Andi Millard was denied her civil
6  rights, under both California law and federal law, to full and equal access at these
7  public facilities because they were not, and are not now, properly accessible to
8  physically disabled persons who use wheelchairs. Plaintiff seeks injunctive relief
9  to require defendants to make these facilities accessible to disabled persons, and
10 to ensure that all disabled patrons will be provided accessible parking, entry,
11 seating, paths of travel, and accessible restroom facilities. Plaintiff also seeks
12 recovery of damages for her mental and emotional personal injuries and
13 discriminatory experiences and for the continuing day-to-day denial of access and
14 deterrence from returning which results from defendants' failure to provide
15 accessible facilities. Plaintiff also seeks recovery of statutory attorney fees,
16 litigation expenses and costs.

17     2.     **JURISDICTION:** This Court has jurisdiction of this action
18 pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act
19 of 1990, 42 USC 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and
20 related causes of action arising from the same facts are also brought under
21 California law, including but not limited to violations of California Government
22 Code §4450 *et seq.*, Health & Safety Code §19955 *et seq.*, including §19959;
23 Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54,
24 54.1 and 55.

25     3.     **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)
26 because the subject property is located in this district and plaintiff's causes of
27 action arose here.

28     4.     **INTRADISTRICT:** This case should be assigned to the San Jose

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC      -2-       S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

intradistrict where the subject property is located and where plaintiff's causes of action arose.

5. **PARTIES:** Plaintiff Andi Millard is a "qualified" physically disabled person who is hemiplegic, cannot walk and who requires use of a motorized wheelchair for mobility. Defendants LAURA-LOU, INC. dba CLARKE'S CHARCOAL BROILER; WASHINGTON MUTUAL BANK, FA; METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the property, building and facilities located at 615 El Camino Real, Mountain View, California. This restaurant, operated as "Clarke's Charcoal Broiler," is a public accommodation and/or business entity subject to the requirements of California Health & Safety Code §19955 *et seq.*, and of California Civil Code §§ 51, 52, and 54 *et seq.* These facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" requiring disabled access per §19955-19959 *et seq.* of the California Health & Safety Code.

6. The true names and capacities of defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants LAURA-LOU, INC. dba CLARKE'S CHARCOAL BROILER; WASHINGTON MUTUAL BANK, FA; METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject property building, and facilities at all relevant times. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -3-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

8.  Defendants LAURA-LOU, INC. dba CLARKE'S CHARCOAL BROILER; WASHINGTON MUTUAL BANK, FA; METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject Clarke's Charcoal Broiler, a business in Mountain View, California. The Restaurant's premises and facilities are each a "public accommodation or facility" subject to the requirements of California Health & Safety Code § 19955 *et seq.* and of the California Civil Code, §§ 54, 54.1, and 54.3. At all times relevant to this complaint, defendants have held these facilities open to public use. The subject Restaurant is also a "business establishment," subject to the requirements of California Civil Code §§ 51 and 52. Such premises are "public accommodations" or "commercial facilities" subject to the requirements of §§ 301, 302 and 303 of the Americans with Disabilities Act of 1990 (hereinafter also called the "ADA").

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: LACK OF ACCESS TO A PUBLIC FACILITY**
(§§19955 *Et Seq.*, Health & Safety Code, §54.1 Civil Code)

9.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 8, above, and incorporates them herein by reference as if separately repled hereafter.

10. Plaintiff Andi Millard and other similarly situated mobility disabled persons are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code § 19955 *et seq.* Plaintiff is a member of that portion of the public whose

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -4-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

rights are protected by the provisions of Health & Safety Code § 19955 *et seq.*

11.  Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Section 19955 also requires that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which occurred at such public facility since July 1, 1982, requiring access complying with the specifications of Title 24 whenever "any construction, alteration, structural repair or addition" was performed. Further, any construction alterations, structural repairs, or additions which occurred between July 1, 1970 and July 1, 1982, required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, per Government Code §4450*ff.* All such constructions and/or alterations were carried out by the current defendant owners and/or operators, lessors and/or lessees, or by their predecessors in interest, whose acts and omissions are the continuing and current responsibility of all current owners, operators, lessors and lessees.

12.  **FACTUAL STATEMENT:** On or about April 20, 2007, plaintiff Andi Millard, driving her disabled licensed van, decided to purchase lunch from the Clarke's Charcoal Broiler, 615 El Camino Real, Mountain View. Plaintiff parked her van in a non-disabled parking space, as there were no properly designated and configured "accessible" or van-accessible parking spaces in the parking lot. Being forced to park in a non-accessible space caused her anxiety and fear that, because there was no marked unloading zones ("access aisle") as required adjacent to "accessible" and van-accessible parking spaces, she might become trapped and unable to re-enter her van and drive away if someone parked next to her vehicle.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -5-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

13. When plaintiff left her van and reached the Restaurant's front entrance in her motorized wheelchair, she found that entry would require going up a non-compliant ramp without a level landing. As she had immediate need for use of the restroom, she looked in vain for an accessible restroom but found only a restroom on the exterior of the restaurant, configured with a visibly narrow door located several inches off the ground, blocking entry and use by plaintiff in her power wheelchair. Plaintiff could not comfortably stay or order food and eat when she could not use the toilet or wash her hands in the only restroom available. Because of this lack of access, plaintiff left to find an accessible restaurant and restroom elsewhere.

14. On information and belief, based on subsequent investigation by plaintiff's representatives, the Restaurant is not accessible to disabled persons, including those who use wheelchairs, in multiple respects, including but not limited to parking facilities, entrances, paths of travel, and restrooms. The Restaurant's restroom is also inaccessible for use by disabled persons in multiple respects, including entry, turning radius, and lack of safety grab bars, and is also required to be made properly accessible for use by physically disabled persons.

15. On information and belief, all of the access problems encountered by plaintiff, or which may be encountered by plaintiff on any future visit, are due to defendants maintaining architectural barriers which are in violation of state and federal law, and which should be remedied, including but not limited to the necessity of providing a properly signed, located and configured van-accessible parking space with an 8' wide access aisle on the passenger side of the vehicle; an accessible entrance; accessible paths of travel at the entrance and throughout the Restaurant; accessible restroom facilities, including a properly sized and configured accessible toilet stall with proper grab bars and proper turning radius; and accessible seating at tables as required by state and federal laws; and, on information and belief, remedying other access deficiencies according to proof.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -6-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

All such deficiencies should be remedied as part of this lawsuit. All of defendants' facilities at the Restaurant must be brought into compliance with all applicable federal and state code requirements.

16. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§54.3 and 55.

17. Further, each and every violation of the Americans With Disabilities Act of 1990, (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

18. On information and belief defendants at all times alleged herein knew that the subject Restaurant premises denied full and equal access to disabled persons in violation of multiple state and federal statutes and regulations, but despite such knowledge continued to maintain and operate such Restaurant premises and refused to make necessary physical changes to allow access to plaintiff and other mobility disabled persons.

19. Plaintiff has been damaged by defendants' wrongful conduct, and suffered physical, emotional and psychological damages, as well as violation of her civil rights, and seeks the relief that is afforded by Civil Code §§ 54.1, 54.3 and 55. Plaintiff seeks actual damages, and statutory and treble damages against defendants for all periods of time mentioned herein. As to those of the defendants that currently own, operate, and/or lease the subject Restaurant, plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -7-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

discriminatory practices and barriers that deny equal access for disabled persons, and for reasonable attorney fees, litigation expenses and costs.

20. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff Andi Millard in that these actions continue to treat her as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair for movement in public places. Ms. Millard is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities. Plaintiff intends to return to defendants' Restaurant once it is made properly accessible, but cannot do so until the premises are brought into compliance with federal and state requirements for accessibility for persons who use wheelchairs. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

21. Wherefore plaintiff Andi Millard asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to herself and other disabled persons in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code §19953 and Civil Code §55, and other law.

22. At all times relevant to this action, California Civil Code §§ 54 and 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability. Civil Code § 54 provides:

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                    -8-                    S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

> Individuals with disabilities or medical condition have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

Civil Code § 54.1 provides that:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities,... and privileges of all common carriers, airplanes, motor vehicles,...or any other public conveyances or modes of transportation... hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

23. As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of her Civil Rights including but not limited to rights under Civil Code §§54 and 54.1 , all to her damages as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

24. Plaintiff requests that the Court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

25. **FEES AND COSTS:** As a result of defendants' acts and omissions, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC      -9-      S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§54.3 and 55. Additionally, plaintiff's lawsuit is intended to force the defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of Code of Civil Procedure §1021.5 and other applicable law.

Wherefore plaintiff prays for relief as hereinafter stated:

### SECOND CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHTS ACT CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF DISABILITY

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 25, above, and incorporates them herein by reference as if separately repled hereafter.

27. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

28. Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code §52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -10-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101FF

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint, and incorporates them herein as if separately repled.

30. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans" with "one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

31. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)):

//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -11-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

32. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, §301(7)(B), which includes any "a restaurant, bar, or other sales or rental establishment serving food or drink."

33. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

34. Among the general prohibitions of discrimination were included, in § 302(b)(1)(A):

§ 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. -- It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -12-               S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

1  § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT -- It shall
2  be discriminatory to afford an individual or class of individuals, on the basis of a
3  disability or disabilities of such individual or class, directly, or through
4  contractual, licensing, or other arrangements with the opportunity to participate in
5  or benefit from a good, service, facility, privilege, advantage, or accommodation
6  that is not equal to that afforded to other individuals."
7  § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. -- It shall be discriminatory to
8  provide an individual or class of individuals, on the basis of a disability or
9  disabilities of such individual or class, directly, or through contractual, licensing,
10 or other arrangements with a good, service, facility, privilege, advantage, or
11 accommodation that is different or separate from that provided to other
12 individuals, unless such action is necessary to provide the individual or class of
13 individuals with a good, service, facility, privilege, advantage, or accommodation,
14 or other opportunity that is as effective as that provided to others."
15 35.  Among the specific prohibitions against discrimination were
16 included:
17 §302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,
18 practices, or procedures, when such modifications are necessary to afford such
19 goods, services, facilities, privileges, advantages, or accommodations to
20 individuals with disabilities...;"
21 §302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that
22 no individual with a disability is excluded, denied service, segregated, or
23 otherwise treated differently than other individuals because of the absence of
24 auxiliary aids and services...;"
25 §302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication
26 barriers that are structural in nature, in existing facilities... where such removal is
27 readily achievable;"
28 §302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                -13-         S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff*.

36. The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA.

37. On information and belief, as of the date of plaintiff's encounter at the subject premises and the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff on the basis of her disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

38. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303. On information and belief,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC            -14-            S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

39. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.

40. As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses (including expert consultant and expert witness fees) and costs, pursuant to the provisions of ADA § 505 (42 U.S.C. 12205) and the Department of Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505). Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require the defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

//

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                    -15-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

WHEREFORE plaintiff prays for relief as hereinafter stated:

## PRAYER

Plaintiff ANDI MILLARD prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants LAURA-LOU, INC. dba CLARKE'S CHARCOAL BROILER; WASHINGTON MUTUAL BANK, FA; METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1-10, Inclusive, as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. For prejudgment interest pursuant to California Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC                    -16-                S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd

1  Dated: July 16, 2008                    PAUL L. REIN
2                                          JULIE A. OSTIL
                                           LAW OFFICES OF PAUL L. REIN
3
4                                          /s/ Julie Ostil
                                           _____
5                                          Attorneys for Plaintiff
                                           ANDI MILLARD
6

7                      **DEMAND FOR JURY TRIAL**

8           Plaintiff hereby demands a jury for all claims for which
9  a jury is permitted.

10

11 Dated: July 16, 2008                    PAUL L. REIN
                                           JULIE A. OSTIL
12                                         LAW OFFICES OF PAUL L. REIN

13
14                                         /s/ Julie Ostil
                                           _____
15                                         Attorneys for Plaintiff
                                           ANDI MILLARD

16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. 07-06014 MMC        -17-        S:\SLR\CLARKE'S\PLEADINGS\CLARKE'S CB.FAC.wpd