SCOTT J. STILMAN, ESQ., SBN 120239
THERESA MARCHLEWSKI, ESQ., SBN 82429
OFFICE OF THE GENERAL COUNSEL
9200 OAKDALE AVENUE, SEVENTH FLOOR
MAIL STOP N110701
CHATSWORTH, CALIFORNIA 91311
Telephone: (818) 775-7856
Facsimile: (818) 349-2734
Email: scott.stilman@wamu.net

Attorneys for Defendant,
WASHINGTON MUTUAL BANK formerly
known as Washington Mutual Bank, FA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDI MILLARD,<br><br>    Plaintiff,<br><br>vs.<br><br>LAURA-LOU, INC. dba CLARKE'S CHARCOAL BROILER; WASHINGTON MUTUAL BANK, FA; METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1 – 10, Inclusive,<br><br>    Defendants | **CASE NO.** C07-06014 MMC<br><br>Hon. Maxine M. Chesney<br><br><br>DEFENDANT WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br><br>Action Filed: 11/28/2007 |

Defendant WASHINGTON MUTUAL BANK, formerly known as Washington Mutual Bank, FA, ("Washington Mutual") admits, denies and alleges in answer to Plaintiff's First Amended Complaint ("Complaint") herein as follows:

**INTRODUCTION**

1.   Answering paragraph 1 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason,

1

1 denies generally and specifically the allegations set forth therein.

**JURISDICTION**

2. Answering paragraph 2 of the Complaint, Washington Mutual admits that this Court has federal question jurisdiction over this matter under 42 U.S.C., including Sections 12100 et seq.

**VENUE**

3. Answering paragraph 3 of the Complaint, Washington Mutual admits that venue is proper with this Court.

**INTRADISTRICT**

4. Answering paragraph 4 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

5. Answering paragraph 5 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

6. Answering paragraph 6 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

7. Answering paragraph 7 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein. Washington Mutual expressly denies that it is the agent, employee or representative of any other defendant, or that it caused any measure of claimed damage to plaintiff.

8. Answering paragraph 8 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

///
///

WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

## FIRST CAUSE OF ACTION

9. Answering paragraph 9 of the Complaint, Washington Mutual repeats and realleges its responses to paragraphs 1 through 8 inclusive, as though set forth in full.

10. Answering paragraph 10 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

11. Answering paragraph 11 of the Complaint, Washington Mutual alleges that the Code sections set forth therein speak for themselves. Except as expressly alleged, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

## FACTUAL STATEMENT

12. Answering paragraph 12 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

13. Answering paragraph 13 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

14. Answering paragraph 14 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

15. Answering paragraph 15 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

16. Answering paragraph 16 of the Complaint, Washington Mutual alleges that said paragraph contains only legal conclusions and therefore no response is necessary. To the extent paragraph contains factual allegations and a response is

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

necessary, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

17.     Answering paragraph 17 of the Complaint, Washington Mutual alleges that said paragraph contains only legal conclusions and therefore no response is necessary. To the extent paragraph contains factual allegations and a response is necessary, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

18.     Answering paragraph 18 of the Complaint, Washington Mutual, as to itself, denies generally and specifically the allegations set forth therein. As to all other defendants, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

19.     Answering paragraph 19 of the Complaint, Washington Mutual, as to itself, denies generally and specifically the allegations set forth therein. As to all other defendants, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

**INJUNCTIVE RELIEF**

20.     Answering paragraph 20 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein. Further, Washington Mutual expressly denies that it caused any measure of damage to plaintiff.

21.     Answering paragraph 21 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

22.     Answering paragraph 22 of the Complaint, Washington Mutual alleges

1  that said paragraph contains only legal conclusions and therefore no response is
2  necessary. To the extent paragraph contains factual allegations and a response is
3  necessary, Washington Mutual lacks sufficient information and belief upon which to
4  base an answer, and, for that reason, denies generally and specifically the allegations
5  set forth therein.
6      23.    Answering paragraph 23 of the Complaint, Washington Mutual, as to
7  itself, denies generally and specifically the allegations set forth therein. As to all other
8  defendants, Washington Mutual lacks sufficient information and belief upon which to
9  base an answer, and, for that reason, denies generally and specifically the allegations
10 set forth therein.
11     24.    Answering paragraph 24 of the Complaint, Washington Mutual lacks
12 sufficient information and belief upon which to base an answer, and, for that reason,
13 denies generally and specifically the allegations set forth therein.

### FEES AND COSTS

15     25.    Answering paragraph 25 of the Complaint, Washington Mutual, as to
16 itself, denies generally and specifically the allegations set forth therein. As to all other
17 defendants, Washington Mutual lacks sufficient information and belief upon which to
18 base an answer, and, for that reason, denies generally and specifically the allegations
19 set forth therein.

### SECOND CAUSE OF ACTION

21     26.    Answering paragraph 26 of the Complaint, Washington Mutual repeats
22 and realleges its responses to paragraphs 1 through 25 inclusive, as though set forth
23 in full.
24     27.    Answering paragraph 27 of the Complaint, Washington Mutual alleges
25 that said paragraph contains only legal conclusions and therefore no response is
26 necessary. To the extent paragraph contains factual allegations and a response is
27 necessary, Washington Mutual lacks sufficient information and belief upon which to

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

28. Answering paragraph 28 of the Complaint, Washington Mutual, as to itself, denies generally and specifically the allegations set forth therein. As to all other defendants, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

**THIRD CAUSE OF ACTION**

29. Answering paragraph 29 of the Complaint, Washington Mutual repeats and realleges its responses to paragraphs 1 through 28 inclusive, as though set forth in full.

30. Answering paragraph 30 of the Complaint, Washington Mutual alleges that said paragraph contains only legal conclusions and therefore no response is necessary. To the extent paragraph contains factual allegations and a response is necessary, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

31. Answering paragraph 31 of the Complaint, Washington Mutual alleges that said paragraph contains only legal conclusions and therefore no response is necessary. To the extent paragraph contains factual allegations and a response is necessary, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

32. Answering paragraph 32 of the Complaint, Washington Mutual alleges that said paragraph contains only legal conclusions and therefore no response is necessary. To the extent paragraph contains factual allegations and a response is necessary, Washington Mutual lacks sufficient information and belief upon which to

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

33. Answering paragraph 33 of the Complaint, Washington Mutual alleges that said paragraph contains only legal conclusions and therefore no response is necessary. To the extent paragraph contains factual allegations and a response is necessary, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

34. Answering paragraph 34 of the Complaint, Washington Mutual alleges that said paragraph contains only legal conclusions and therefore no response is necessary. To the extent paragraph contains factual allegations and a response is necessary, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

35. Answering paragraph 35 of the Complaint, Washington Mutual alleges that said paragraph contains only legal conclusions and therefore no response is necessary. To the extent paragraph contains factual allegations and a response is necessary, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

36. Answering paragraph 36 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

37. Answering paragraph 37 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations set forth therein.

38. Answering paragraph 38 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason,

WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  denies generally and specifically the allegations set forth therein.

2      39.    Answering paragraph 39 of the Complaint, Washington Mutual lacks
3  sufficient information and belief upon which to base an answer, and, for that reason,
4  denies generally and specifically the allegations set forth therein.

5      40.    Answering paragraph 40 of the Complaint, Washington Mutual, as to
6  itself, denies generally and specifically the allegations set forth therein.  As to all other
7  defendants, Washington Mutual lacks sufficient information and belief upon which to
8  base an answer, and, for that reason, denies generally and specifically the allegations
9  set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

41.    As a first affirmative defense, Washington Mutual alleges that each cause of action of the Complaint fails to state facts sufficient to constitute any cause of action against it.

### SECOND AFFIRMATIVE DEFENSE

42.    As a second affirmative defense, Washington Mutual alleges that the Complaint is barred by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

43.    As a third affirmative defense, Washington Mutual alleges that the Complaint is barred by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

44.    As a fourth affirmative defense, Washington Mutual alleges that the equitable doctrine of estoppel bars the instant Complaint.

### FIFTH AFFIRMATIVE DEFENSE

45.    As a fifth affirmative defense, Washington Mutual alleges that Plaintiff has waived her right to bring this action against it.

### SIXTH AFFIRMATIVE DEFENSE

46.    As a sixth affirmative defense, Plaintiff at all times had actual and/or

constructive knowledge of the circumstances upon which Plaintiff bases her Complaint. Plaintiff expressly accepted those circumstances and thereby ratified the conduct of which Plaintiff complains.

### SEVENTH AFFIRMATIVE DEFENSE

47. As a seventh affirmative defense, Washington Mutual alleges that as to any damages Plaintiff claims she has sustained, which damages are denied by Washington Mutual, Plaintiff has failed to take reasonable action to mitigate such damages.

### EIGHTH AFFIRMATIVE DEFENSE

48. As an eighth affirmative defense, Washington Mutual alleges that as to any damages Plaintiff alleges that she has sustained, which damages are denied by Washington Mutual, such damages were proximately caused by the negligence of Plaintiff and/or other third parties.

### NINTH AFFIRMATIVE DEFENSE

49. As a ninth affirmative defense, to the extent Plaintiff was partially, if not wholly, negligent or otherwise at fault, Plaintiff should be barred from recovery of that portion of damages directly attributable to her proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

### TENTH AFFIRMATIVE DEFENSE

50. As a tenth affirmative defense, if Washington Mutual is responsible in any respect for any injuries or damages suffered by Plaintiff, which Washington Mutual expressly denies, others caused or contributed to such injuries and damages, and Washington Mutual's proportionate liability, if any, should be reduced to the extent thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

51. As an eleventh affirmative defense, to the extent Plaintiff is entitled to recover any damages in connection with this litigation, these damages are due to the conduct of other persons and/or entities that are solely responsible for any affirmative

obligations to make the premises accessible.

### TWELFTH AFFIRMATIVE DEFENSE

52. As a twelfth affirmative defense, Washington Mutual alleges it has acted in compliance with the Americans with Disabilities Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

53. As a thirteenth affirmative defense, the accommodations requested by Plaintiff and/or removal of the alleged structural barriers to access of persons with disabilities are not readily achievable, feasible, and/or would result in an undue burden on Washington Mutual and others.

### FOURTEENTH AFFIRMATIVE DEFENSE

54. As a fourteenth affirmative defense, Washington Mutual did not intentionally impede or impair access to Plaintiff and allege that the discriminatory conduct alleged in the Complaint by Plaintiff was not intentional.

### FIFTEENTH AFFIRMATIVE DEFENSE

55. As a fifteenth affirmative defense, Washington Mutual alleges that the subject property and premises comply with California Health and Safety Code §19955 et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

56. As a sixteenth affirmative defense, Plaintiff lacks standing to bring the causes of action asserted in this Complaint, including that Plaintiff lacks standing to assert a claim for denial of accessible sanitary facilities in violation of the California Health & Safety Code §§ 19955 et seq., because there is no private right of action thereunder.

### SEVENTEENTH AFFIRMATIVE DEFENSE

57. As a seventeenth affirmative defense, Washington Mutual alleges that the subject property and premises comply with Civil code §51 et seq. and §54 et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

58. As an eighteenth affirmative defense, Washington Mutual alleges that

the subject property and premises comply with Government Code §4450 et seq.

### NINETEENTH AFFIRMATIVE DEFENSE

59. As a nineteenth affirmative defense, Plaintiff's prayer for punitive damages is barred in that she has failed to plead facts sufficient to support allegations of malice, oppression or fraud.

### TWENTIETH AFFIRMATIVE DEFENSE

60. As a twentieth affirmative defense, Plaintiff is not entitled to recover any punitive or exemplary damages on the ground that any award of punitive or exemplary damages in general and/or any such award as applied to the facts of this specific action would violate Washington Mutual's constitutional rights under provisions of the United States Constitution, and the California Constitution, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

61. As a twenty-first affirmative defense, Plaintiff has failed to plead any cause of action upon which punitive damages may be awarded under Civil Code §3294.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

62. As a twenty-second affirmative defense, Washington Mutual alleges, based on information and belief that the design and construction of the premises for first occupancy was prior to January 26, 1992. 34 Code Fed. Regs. §§ 36.401(a)(2) and 36.152.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

63. As a twenty-third affirmative defense, Washington Mutual alleges, based on information and belief, there are no modifications or alterations to the premises Washington Mutual leases since January 26, 1992. 14 U.S.C. § 12183(a); 34 Code Fed. Regs. § 12183(a); 34 Code Fed. Regs. § 36.402.

///

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

64. Washington Mutual reserves the right to plead any additional affirmative defenses as they become known or available during the pendency of this litigation.

WHEREFORE, Washington Mutual respectfully prays that the court adjudge and decree that:

1. Plaintiff takes nothing by way of her Complaint;

2. That Washington Mutual be awarded costs of suit and attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: September 3, 2008        SCOTT J. STILMAN, ESQ.
                                OFFICE OF THE GENERAL COUNSEL


                                By:  /s/ Scott J Stilman
                                     SCOTT J. STILMAN, ESQ.
                                     Attorneys for Defendant
                                     WASHINGTON MUTUAL BANK

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 9200 Oakdale Avenue, 7th Floor, Mail Stop N110701, Chatsworth, California 91311.

On September 3, 2008, I served the foregoing documents described as **DEFENDANT WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served on the interested parties in this action via CM EFC electronic delivery as follows:

### SEE ATTACHED SERVICE LIST

☒ (By Mail — Federal) I placed such envelope with postage thereon fully prepaid in the United States mail at Chatsworth, California.

☐ (By Mail — State) I am readily familiar with the Office of the General Counsel's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing on the above date according to the Office of the General Counsel's ordinary business practices.

☐ (By Personal Service) I caused such envelope to be delivered by hand to the addressee(s).

☒ Executed on September 3, 2008 at Chatsworth, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Stacey D. Elliott

13

WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**SERVICE LIST**
*Millard v. Laura-Lou, Inc.*
*(Case No.: 3:07-cv-06014-MMC)*

Paul L. Rein, Esq.
Law Offices of Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
Email: reinlawoffice@aol.com
Attorney for Plaintiff

Brian J. O'Grady, Esq.
Gazzera, O'Grady & Stevens
1134 West El Camino Real
Mountain View, CA 94040
Telephone: (650) 968-9612
Facsimile: (650) 968-1627
Email: briano52@aol.com
Attorney for Defendant Laura-Lou, Inc. dba Clarke's Charcoal Broiler

Mark T. Pallis, Esq.
Metropolitan Life Insurance Company
425 Market Street
Suite 1050
San Francisco, CA 94105
Telephone: (415) 536-1060
Facsimile: (415) 536-1097
Email: mpallis@metlife.com
Attorney for Defendant Metropolitan Life Insurance Company

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311